UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THEODORE BRITTON YATES,<br><br>      Plaintiff,<br><br>   vs.<br><br>C. KING, et al.,<br><br>      Defendants. | 1:13-cv-01012-GSA-PC<br><br>ORDER DENYING MOTION TO EXPEDITE CASE<br>(Doc. 9.) |

### I. BACKGROUND

Theodore Britton Yates ("plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on July 1, 2013. (Doc. 1.)

On July 22, 2013, plaintiff filed a motion for the court to immediately serve the defendants and commence discovery. (Doc. 9.)

### II. PLAINTIFF'S MOTION

Plaintiff argues that his case should be expedited because he is "ready to go forward." (Motion, Doc. 9 at 2.)

At this stage of the proceedings, Plaintiff's Complaint awaits the court's requisite screening. The court ordinarily screens complaints in the order in which they are filed at the court, and strives to avoid delays whenever possible. However, there are hundreds of prisoner

civil rights cases presently pending before the court, and delays are inevitable despite the court's best efforts. Plaintiff's Complaint was filed less than a month ago and will be screened in due time. The court acknowledges plaintiff's request to move forward with his case; however, the court presently has many other cases before it which also require immediate attention.

With respect to service, the court will, *sua sponte*, direct the United States Marshal to serve the Complaint only after the court has screened the Complaint and determined that it contains cognizable claims for relief against the named defendants.

With respect to discovery, the court will issue a scheduling order setting a schedule for discovery after defendants have filed an Answer to the complaint.

Based on the above, Plaintiff's motion to expedite his case shall be denied.

### III. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for the court to expedite this case by immediately serving the defendants and commencing discovery is DENIED.

IT IS SO ORDERED.

Dated:   **July 23, 2013**                           **/s/ Gary S. Austin**
                                                     UNITED STATES MAGISTRATE JUDGE