UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THEODORE BRITTON YATES,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>C. KING, et al.,<br><br>　　　　　Defendants. | 1:13-cv-01012-GSA-PC<br><br>ORDER GRANTING MOTION TO DISMISS PURSUANT TO RULE 41 (Doc. 18.)<br><br>ORDER DISMISSING ACTION IN ITS ENTIRETY WITHOUT PREJUDICE<br><br>ORDER DIRECTING CLERK TO:<br><br>　(1)　CLOSE FILE, AND<br><br>　(2)　MAIL PLAINTIFF A FORM § 1983 CIVIL RIGHTS COMPLAINT |

## I.　BACKGROUND

Theodore Britton Yates ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983.  On July 1, 2013, Plaintiff filed the Complaint commencing this action.  (Doc. 1.)

On August 26, 2013, Plaintiff consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c), and no other parties have made an appearance.  (Doc. 12.) Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required.  Local Rule Appendix A(k)(3).

On December 2, 2013, Plaintiff filed a motion to dismiss this action "[b]ecause I feel that I wouldn't be able to prove my allegations of Officer C. King."  (Motion, Doc. 18 at 1.) Plaintiff also requests the court to send him a form § 1983 Civil Rights Complaint and a copy of a ruling in another case.  (Id. at 2.)

The court construes Plaintiff's motion as a motion to dismiss under Rule 41(a)(1).  In Wilson v. City of San Jose, the Ninth Circuit explained:

> Under Rule 41(a)(1), a plaintiff has an absolute right to voluntarily dismiss his action prior to service by the defendant of an answer or a motion for summary judgment.  Concha v. London, 62 F.3d 1493, 1506 (9th Cir. 1995) (citing Hamilton v. Shearson-Lehman American Express, 813 F.2d 1532, 1534 (9th Cir. 1987)).  A plaintiff may dismiss his action so long as the plaintiff files a notice of dismissal prior to the defendant's service of an answer or motion for summary judgment. The dismissal is effective on filing and no court order is required.  Id.  The plaintiff may dismiss some or all of the defendants, or some or all of his claims, through a Rule 41(a)(1) notice.  Id.; Pedrina v. Chun, 987 F.2d 608, 609-10 (9th Cir. 1993).  The filing of a notice of voluntary dismissal with the court automatically terminates the action as to the defendants who are the subjects of the notice.  Concha, 62 F.2d at 1506.  Unless otherwise stated, the dismissal is ordinarily without prejudice to the plaintiff's right to commence another action for the same cause against the same defendants.  Id. (citing McKenzie v. Davenport-Harris Funeral Home, 834 F.2d 930, 934-35 (9th Cir. 1987)).  Such a dismissal leaves the parties as though no action had been brought.  Id.

Wilson v. City of San Jose, 111 F.3d 688, 692 (9th Cir. 1997).  No defendant has filed an answer or motion for summary judgment in this action.  Therefore, plaintiff's motion shall be granted.

With respect to Plaintiff's request for a form § 1983 Civil Rights Complaint, the Clerk shall be directed to send one to Plaintiff.

With respect to Plaintiff's request for a copy of a ruling in another case, Plaintiff's request is more properly brought in the other case and shall be denied here.

Accordingly, IT IS HEREBY ORDERED that:

1.    Plaintiff's motion to dismiss the complaint is GRANTED;

2.    This action is DISMISSED in its entirety without prejudice;

3.    Plaintiff's request for a copy of a ruling in another case is DENIED as more properly brought in the other case; and

///

4.      The Clerk of the Court is DIRECTED to:

      (1)      Close the file in this case and adjust the docket to reflect voluntary dismissal of this action pursuant to Rule 41(a); and

      (2)      Send Plaintiff a form § 1983 Civil Rights Complaint.

IT IS SO ORDERED.

Dated:   **December 3, 2013**                            **/s/ Gary S. Austin**
                                                   UNITED STATES MAGISTRATE JUDGE